# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

GILBERT "JOHN" PUFFINBERGER
and FRANCIS PUFFINBERGER,

    Plaintiffs,

v.    CIVIL ACTION NO. 2:20-cv-00122

3M COMPANY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed Defendant PACCAR's *Notice of Removal* (Document 1), the Plaintiffs' *Emergency Motion for Remand and for §1447(c) Fees and Costs* (Document 3), and PACCAR's *Opposition to Plaintiffs' Emergency Motion to Remand* (Document 10). For the reasons stated herein, the Court finds that this matter should be remanded.

## FACTS

The Plaintiffs, Gilbert "John" Puffinberger and Francis Puffinberger, are West Virginia residents. As relevant to this motion, PACCAR is a Delaware corporation with a principal place of business in Washington, Daimler Trucks North America LLC is a Delaware company with a principal place of business in Oregon, The Pep Boys is a Pennsylvania company with a principal place of business in Pennsylvania, ArvinMeritor is an Indiana corporation with a principal place of business in Michigan, and Leslie Equipment Company and Vimasco Corporation are West Virginia companies.

The Plaintiffs filed their complaint as part of the West Virginia asbestos litigation in the Circuit Court of Kanawha County on May 1, 2019. Vimasco filed a motion for summary judgment on February 7, 2020, and Leslie Equipment Company filed a motion for summary judgment on February 11, 2020, both arguing that the Plaintiff had not presented evidence that he was exposed to asbestos as a result of their products. The Plaintiffs oppose summary judgment, and the state court has not ruled on the motions.[1] A jury was empaneled in the case in state court on February 11, 2020. The removal was filed later that night. The Plaintiffs indicate that the state court judge released the jury with instructions to return on Tuesday, February 18, 2020.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[2] This Court has original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist.

---

[1] The Plaintiffs filed a response in opposition to Leslie's motion for summary judgment but had not filed such an opposition to Vimasco's motion as of the time of removal.

[2] Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Section 1446(b)(3) provides that "if the case stated by the initial pleading is not removable" defendants may remove within 30 days of receipt of "a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." However, cases may not be removed under Section 1446(b)(3) more than one year after commencement of the action, absent bad faith on the part of the plaintiff. 28 U.S.C. § 1446(c)(1). Further, where a non-diverse party is dismissed from a state action, whether removal is available depends upon whether the dismissal was voluntary on the part of the plaintiff. Only "[i]f the plaintiff voluntarily dismissed the state action against the non-diverse defendant, creating complete diversity," may the action be removed. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988).

It is the long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the removing defendant has the

3

burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W.Va. 2001)). In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

"The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case . . . . This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The Fourth Circuit sets a high standard for defendants attempting to demonstrate fraudulent joinder: "[T]he removing party must establish either: that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or; that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original; brackets removed). Courts may consider the record beyond the pleadings to "determine the basis of joinder" and "whether an attempted joinder is fraudulent." *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (internal quotation marks and citations omitted).

The Fourth Circuit has described the standard for fraudulent joinder as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424. Furthermore, "all legal uncertainties are to be resolved in

the plaintiff's favor in determining whether fraudulent joinder exists" and "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks removed).

The Hartley court went on to explain:

> In all events, a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact. Allowing joinder…is proper in this case because courts should minimize threshold litigation over jurisdiction. *See Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 464 n. 13, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) ("Jurisdiction should be as self-regulated as breathing; ... litigation over whether the case is in the right court is essentially a waste of time and resources." (internal quotation marks omitted)). Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

*Id.*

## DISCUSSION

PACCAR, with the consent of the remaining non-West Virginia Defendants, removed this action based on the filing of a motion for summary judgment by a Defendant based in West Virginia. The Plaintiffs argue that a motion for summary judgment does not provide a basis for removal under 28 U.S.C. § 1446 and that a contested motion for summary judgment does not establish fraudulent joinder. They seek immediate remand, and request that the Court retain jurisdiction for the limited purpose of awarding costs and fees pursuant to 28 U.S.C. § 1447(c). The Defendants request jurisdictional discovery to better establish the basis and merits of the Plaintiffs' claims against Vimasco and Leslie, including to challenge an affidavit the Plaintiff signed in opposition to Leslie's motion. PACCAR argues that the Plaintiffs did not discuss Leslie

or Vimasco in depositions and did not actively seek discovery from those companies, suggesting that they did not genuinely intend to pursue claims against those companies.

Vimasco and Leslie remain active Defendants in this matter. The standard for establishing fraudulent joinder is high. The Defendants' position that this Court should resolve motions for summary judgment between West Virginia litigants, turning on disputes regarding the factual record and evidence, to find that Vimasco and Leslie were fraudulently joined falls laughably short of meeting that standard. Even if the motions for summary judgment were *successful* in state court, removal is not permissible "if the non-diverse party has been involuntarily dismissed by order of the state judge" in light of the possibility of an appeal. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988). In this case, trial with non-diverse Defendants was essentially underway at the time of removal. The merits of the Plaintiffs' case against any of the Defendants is not a matter for this Court to resolve in a jurisdictional inquiry.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiffs' *Emergency Motion for Remand and for §1447(c) Fees and Costs* (Document 3) be **GRANTED** and that this case be **REMANDED** to the Circuit Court of Kanawha County, West Virginia, for further proceedings.

The Court further **ORDERS** that any motion seeking an award of costs and fees associated with the removal of this action pursuant to 28 U.S.C. §1447(c) be filed no later than **March 6, 2020**. Any such motion shall be accompanied by a calculation of applicable costs, supporting affidavits or other evidence, and associated briefing.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Kanawha Count, to counsel of record, and to any unrepresented party.

ENTER: February 13, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA